IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


GREGORY R. FINCH II,                         :
                                             :
          Plaintiff,                         :          Case No. 3:16cv00241
                                             :
     vs.                                     :          Magistrate Judge Sharon L. Ovington
                                             :          (by full consent of the parties)
COMMISSIONER OF THE SOCIAL                   :
SECURITY ADMINISTRATION,                     :
                                             :
          Defendant.                         :

_____

**DECISION AND ENTRY**
_____


This case is before the Court upon a Motion For Allowance Of Attorney Fees filed

by Plaintiff's counsel (Doc. #218), the Government's Response (Doc. #19), Plaintiff's

counsel's Reply (Doc. #20), and the record as a whole.  Plaintiff's counsel seeks a total

award of $21,191.25 in attorney fees under 42 U.S.C. § 406(b)(1).  He states that if the

Court awards this amount to him, he will reimburse Plaintiff for EAJA fees Plaintiff has

already paid, leaving counsel with a net amount of attorney fees awarded under § 406(b)(1)

equaling $18,496.25.[1]

Before this case began, Plaintiff and his counsel entered into a written contingency-

fee agreement.  The agreement documented Plaintiff's agreement to pay attorney fees in the

amount of 25% of any lump sum award for past-due Social Security benefits payable to

_____

[1] Counsel correctly recognizes that he cannot recover attorney fees under both § 406(b)(l) and the Equal Access to Justice Act (EAJA) in the same case.  *See Jankovich v. Bowen,* 868 F.2d 867, 871 n.1 (6th Cir. 1989).

Plaintiff. The agreement also documented counsel's willingness to work on a contingency-fee basis. This resulted in counsel's acceptance of the risk he would recover zero attorney fees in the event Plaintiff received no past-due benefits. *See* Doc. #18, *PageID* #1420.

As this case proceeded, the undersigned Judicial Officer concluded that a remand for further administrative proceedings was warranted, and Judgment was entered accordingly. On remand, the Social Security Administration awarded Plaintiff past-due benefits and withheld from those benefits $21,191.25 for payment of attorney fees. *Id*. at 1413-14.

The Government points out that the amount of Plaintiff's counsel's total-fee request ($21,191.25) divided by the number of hours reflected in his billing records (29.75) results in an hourly rate of $712.31. This, in the Government's view, constitutes a windfall for Plaintiff's counsel. The Government also argues that the requested hours in Plaintiff's billing records describe administrative work, rather than attorney work, in .25-hour increments. This matters to the Government because eliminating all the .25 entries from counsel's billing records leaves 20 hours of work and leads to a hypothetical hourly rate of $1,059.56 ($21,191.25 ÷ 20 = $1,059.56)—again an inappropriate windfall from the Government's perspective. Plaintiff's counsel does not address this description of his billing records. *See* Doc. #20.

The Government is partly correct, although it overgeneralizes the entries in Plaintiff's counsel's billing records. Careful review of those records reveals that some, but not all, of Plaintiff's counsel's .25 entries describe non-attorney administrative or clerical work, or are excessive for the tasks performed such as filing documents with the Court and downloading the administrative transcript to a disc. Such non-attorney work is not compensable as

attorney fees. *See Dulin v. Colvin*, 3:14cv00288, 2015 WL 6689370, at *2 (S.D. Ohio 2015) (and cases cited therein), Report & Recommendations *adopted*, 2015 WL 7571839 (S.D. Ohio 2015). As a result, the billing entries on the following dates (for either .25 or .50 hours) of work must be excluded: 6/15/16 (.50 hour), 7/8/16 (.50), 7/24/16 (.25), 8/22/16 (.50), 10/3/16 (.25), 10/3/16 (.25), 10/10/16 (.25), 11/28/16 (.25), 12/28/16 (.25), and 2/10/17 (.25).

These excluded entries add up to 3.25 hours. Subtracting this from the total attorney-work hours counsel's billing records document leaves a total of 26.50 hours (29.75 – 3.25 = 26.50). Using this number of attorney work hours increases Plaintiff's counsel's hypothetical hourly rate but not as much as the Government proposes. The hypothetical hourly rate—the total amount of attorney fees Plaintiff's counsel seeks divided by 26.50 hours—is $799.67 ($21,191.25 ÷ 26.50 = $799.67). As will be apparent below, this hypothetical hourly rate plays a prominent role in determining whether Plaintiff's requested award—again, $21,191.25—constitutes a windfall.

Section 406(b) authorizes this Court to award attorney's fees when a plaintiff brings a successful challenge to the Social Security Administration's denial of his or her application for benefits. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997). The award may not exceed 25% of the past-due benefits that the plaintiff received as a result of the successful challenge. *See id.*; *see also* 42 U.S.C. § 406(b)(1).

To succeed under § 406(b), the plaintiff's counsel must show, and the court must affirmatively find, that the contingency fee sought—even one within the 25% cap—is reasonable for the services rendered. *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002); *see*

*Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014).  Section 406(b) "does not displace contingent-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht,* 535 U.S. at 807.

To determine whether an award under § 406(b) is reasonable, a floor/ceiling approach guides the way.  The ceiling is § 406(b)'s 25% cap, which "accords a rebuttable presumption of reasonableness to contingency agreements that comply with § 406(b)'s 25%-cap."  *Lasley*, 771 F.3d at 309.  The floor is "[the] hypothetical rate that is twice the standard rate for such work in the relevant market."  *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1991).  "'[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable ...'"  *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at 421).

Within the range set by this floor and this ceiling, "a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.'"  *Lasley*, 771 F.2d at 309 (quoting *Hayes,* 923 F.2d at 421).  Courts may consider arguments attacking the rebuttable presumption of reasonableness that attaches to awards above the double-the-standard-rate floor and below the 25% statutory ceiling.  *Id.* at 309.

"Reasonableness" remains the heart of the matter.  And, care must be taken to consider the presumption a rebuttable—not a strict—presumption of reasonableness. *Lasley*, 771 F.2d at 309 (noting, "*Gisbrecht* ... elides strict presumptions altogether.").  Reducing a sought-after award is warranted to avoid windfalls especially "'[i]f the benefits are large in comparison to the amount of time counsel spent on the case ....'"  *Id.* at 310

(quoting *Gisbrecht*, 535 U.S. at 808).

What is the "standard rate" in this case? This straightforward question becomes somewhat gnarled by the reality that nearly all social-security attorneys accept cases on a contingency-fee basis. "Accordingly, these attorneys have no documented 'standard' hourly rate." *Lee v. Comm'r of Soc. Sec.*, 3:14cv291, 2018 WL 2999909, at *2 (S.D. Ohio 2018) (Rice, D.J.) (citing *Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 829 (S.D. Ohio 2018); *Scappino v. Comm'r of Soc. Sec.*, No. 1:12-cv-2694, 2015 WL 7756155, at *3 (N.D. Ohio Dec. 1, 2015)).

In *Lee*, the District Judge Rice reported, "According to an Ohio State Bar Association survey conducted in 2013, the hourly billing rate for attorneys in social security cases ranged from $210-350."[2] 2018 WL 2999909, at *4. Plaintiff's attorney in this case has practiced law since 1995 and devotes his practice to the highly specialized area of representing social- security claimants. *See* Doc. #18, *PageID* #1404. He therefore would likely fall within the upper range or billing rates for social security attorneys. Additionally, the upper rate of $350 per hour was in place in 2013, approximately six years ago. With inflation, market influences—given the large number of social-security cases in this Court— and cost-of-living increases, the upper hourly rate has likewise increased. How much? If it increased only $8.00 per year, the hourly rate would be $398.00.[3] If this number is doubled, the standard hourly rate approaches $800 per hour, slightly above Plaintiff's counsel's hypothetical hourly rate of $799.67. This fact, however, does not make the hypothetical

---

[2] (citing The Economics of Law Practice in Ohio in 2013, Ohio State Bar Association, https://www.ohiobar.org/NewsAndPublications/Documents/OSBA_EconOfLawPracticeOhio.pdf, at 40.).

[3] This number is only an estimation, but it is an estimation based on hourly rates reported in 2013.

award unreasonable in this case. When the hypothetical hourly rate of $799.67 is viewed as the product of the applicable multiplier of 2, *see Hayes*, 923 F.2d at 422, it translates to an hourly rate of $399.83 ($399.83 x 2 = $799.66). This is just a bit less than the probable upper limit of the standard hourly rate for an attorney, like Plaintiff's, who accepts the risk of contingent representation in social-security cases—sometimes recovering fees, other times recovering zero fees. "Contingent fee agreements, which are the norm in social security cases, often result in large hourly rates, but in these types of cases, attorneys 'will not prevail every time ... Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.'" *Lee*, 2018 WL 2999909, at *3 (quoting, in part, *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990)); *see Lasley*, 771 F.2d at 309 (quoting *Hayes,* 923 F.2d at 421) ("'a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.'"

The amount of attorney fees counsel seeks should not be reduced for additional reasons. First, the amount he seeks is 25% of Plaintiff's past-due benefits awarded by the Social Security Administration. Section 406(b) therefore accords "a rebuttable presumption of reasonableness" to it. *See Lasley*, 771 F.3d at 309. Second, on remand, Plaintiff's counsel succeeded in securing for Plaintiff more than $84,000 in past-due benefits. This was a telling demonstration of his skill in representing Plaintiff, particularly given the difficulty of proving he was under a disability due to (in part) post-traumatic-stress disorder. *See* Doc. #14 (declining to award benefits because the evidence of disability was not overwhelming and the evidence of disability was not strong while contrary evidence is lacking).

Citing *Lasley*, 771 F.3d at 310, the Government asks the Court to apply the hourly rate used to calculate Plaintiff's attorney-fee award under the Equal Access to Justice Act (EAJA). The lowest hypothetical hourly rate of $712.00 is about eight times the EAJA rate in this case. But, this Court has rejected using the EAJA hourly rate as a baseline for evaluating a social-security attorney's requested fees under § 406(b). *Lee*, 2018 WL 2999909, at *3. In so doing, the Court explained, "'*Lasley* did not hold that the hourly rate counsel sought in her EAJA motion is the standard rate upon which to calculate § 406(b) fees.' It merely cited to one case in which the court had relied on EAJA rates." *Id.* (quoting, in part, *Pierce v. Colvin*, No. 3:10cv349, 2016 WL 1294554 at *2 (S.D. Ohio April 4, 2016)).

Accordingly, the total attorney-fee award Plaintiff's counsel requests, $21,191.25, is reasonable and not a windfall.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion For Allowance Of Attorney Fees filed by Plaintiff's counsel (Doc. #18) is GRANTED, and the Commissioner is directed to pay Plaintiff's attorney fees pursuant to 42 U.S.C. § 406(b) in the total amount of $21,191.25;

2. Plaintiff's counsel shall refund directly to Plaintiff the amount of attorney fees and costs—$3,095.00—previously awarded under the EAJA; and

3. The case remains terminated on the docket of this Court.

November 20, 2019                          *s/Sharon L. Ovington*
                                           Sharon L. Ovington
                                           United States Magistrate Judge